UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

BURBERRY LIMITED, :
a United Kingdom Corporation
  :
BURBERRY LIMITED, 
a New York Corporation :

        Plaintiffs, :

    -against- :

ASHER HOROWITZ, :

        Defendant. :
--------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov. 26, 2012
```

12 Civ. 1219 (PAC)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

    This lawsuit is virtually identical to litigation Burberry began 5 years ago which ended almost 3 years ago with a judgment in Burberry's favor against Designers Imports, Inc., d/b/a Designers Imports.Com USA, Inc.  07 Civ. 3997 (PAC).  In that proceeding, after discovery was complete, the Court conducted a two-day bench trial and found that Defendant had engaged in trademark counterfeiting and infringement, false designation, trademark dilution and violation of both New York statutory and common law for breach of contract, trademark infringement and unfair competition.  The Court awarded damages with interest, costs and attorneys' fees, totaling more than $2.5 million; and entered a permanent injunction prohibiting Designers Imports and its officers, agents, employees and any persons acting in concert with the corporate defendant from infringing any Burberry trademark.  No appeal was taken.

    The current action, 12 Civ. 1219 (PAC), involves the same allegations, the same products, the same conduct, but instead of the corporate entity, Burberry has named Asher

1

Horowitz as Defendant. Burberry has known since at least 2004 that Horowitz runs an on-line retail business for the sale of designer handbags, accessories and clothing—Designers Imports. He is—and has been for the entire period—Designers Imports' founder, its principal, its sole shareholder, and its sole officer.

Burberry has been engaged in a legal battle with Horowitz and Designers Imports since 2004. The first chapter was resolved, more or less amicably, with the 2005 Settlement Agreement. The Settlement Agreement named both Horowitz and Designers Imports as parties, and both Horowitz and Designers Imports, jointly and severally, made representations and warranties concerning their behavior, vis-à-vis, Burberry. Horowitz signed the Agreement on behalf of Designers Imports and himself, individually.

In the prior action Burberry commenced in 2007, Designers Imports stipulated the following facts:

(1) Horowitz is the owner and Chief Operating Officer of Designers Imports;
(2) Horowitz is the sole officer, director, and shareholder of Designers Imports;
(3) Horowitz sets the price for goods sold by Designers Imports;
(4) Horowitz decides what will be displayed on Designers Imports' website; and
(5) Horowitz determines what Burberry-branded goods would be sold on Designers Imports' website.

After judgment was entered on June 25, 2010 in Burberry's favor, Burberry sought enforcement of the judgment against Horowitz personally in a proceeding in New York Supreme Court. Horowitz moved to dismiss, but the motion was denied. That action is still pending.

When Burberry commenced the current action on February 16, 2012, it submitted a "Contention of Related Case" which concedes that:

> "the Plaintiffs in both actions [2007 Civ. 3997 and 12 Civ. 1219] are the same and both actions involve the same wrongful acts of trademark counterfeiting . . . The current action is brought against defendant Asher Horowitz, the sole shareholder and officer of the corporate defendant in the [07 Civ. 3997]. The same wrongful activities are at issue in this action; Plaintiffs now seek to hold Mr. Horowitz

2

individually liable for the same wrongful activities as to which the Court has already found the corporation liable."

Defendant Horowitz moves to dismiss. He argues that the Burberry claims in the 2012 action are the same claims which were litigated and reduced to judgment in the earlier 2007 action. Horowitz makes 3 arguments:

(1) Burberry's claim is barred by res judicata;

(2) Burberry already holds a judgment (against Designers Imports) on the claims against Horowitz, and therefore Burberry is limited to an action on the judgment;

(3) Laches bars Burberry's claims against Horowitz in 2012 because Burberry has known of Horowitz's role since 2004; failed to name him as a defendant in the 2007 action despite full knowledge of his role in Designers Imports.

## STANDARD OF REVIEW

In deciding a motion to dismiss, pursuant to Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. See Okoh v. Sullivan, 441 Fed.Appx. 813 (2d Cir. 2011) (citing Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir.2006)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "[T]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Id.

**DISCUSSION**

**I. Res Judicata Defense**

Defendants argue that res judicata prohibits Plaintiffs from pursuing this action. "The doctrine of res judicata 'provides that a final judgment on the merits bars a subsequent action between the same parties over the same cause of action." Ljutica v. Holder, 588 F.3d 119, 126 (2d Cir. 2009) (citing Channer v. Dep't of Homeland Sec., 527 F.3d 275, 279 (2d Cir.2008)). In determining whether or not the judgment in the first case will have a preclusive effect "depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." Woods v. Dunlop Tire Corp., 972 F.2d 36, 38 (2d Cir. 1992) (quoting Clark v. Frank, 960 F.2d 1146, 1150 (2d Cir. 1992). Res judicata is applicable if the prior decision was (1) a final judgment on the merits; (2) by a court of competent jurisdiction; (3) in a case involving the same parties or their privies; and (4) involving the same cause of action. In re Teltronics Services, Inc., 762 F.2d 185, 190 (2d Cir. 1985) (citing Commissioner v. Sunnen, 333 U.S. 591, 597 (1948)). Courts have found that two cases may have the "same cause of action", if it appears that the plaintiff is attempting to "relitigate identical issues by merely 'switching adversaries." Rose v. Goldman, 02-cv-0537, 2011 WL 1130214 at *5 (March 24, 2011) (citing Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 329 (1979)).

*A. Jurisdiction*

Burberry filed the initial Complaint on May 22, 2007. 07 Civ. 3997 (S.D.N.Y.). On January 19, 2010 this Court issued its opinion determining that Designers Imports sold twelve items of counterfeit Burberry merchandise between 2006 and 2007. The January, 2010 order was reduced to a Final Amended Judgment and Permanent Injunction, dated June 25, 2010, in

4

the amount of $1,864,875, including interest, plus attorneys' fees of $663,001.84 and costs in the sum of $64,194.05, totaling in excess of $2.5 million.  No appeal was taken.

This Court had proper subject matter jurisdiction, pursuant to Section 29 of the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, over Burberry's federal trademark counterfeiting and infringement claims in the 2007 action, as well as supplemental jurisdiction over the state-law claims, pursuant to 28 U.S.C. § 1367(a).  Additionally, the Court had personal jurisdiction over Burberry and Designers Imports as well.

Burberry received a final judgment on the merits from a court of competent jurisdiction in the 2007 Action.  The first and second elements of the res judicata defense are satisfied.

   *B. Privity*

The Defendant argues that since both the 2007 Action and the 2012 Action involve two parties which are in privity with one another, res judicata applies to preclude Burberry from bringing the current action against Horowitz.

A finding of privity will serve to "bar relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion." Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 367-78 (2d Cir. 1995) (citing Amalgamated Sugar Co. v. NL Indus., 825 F.2d 634, 640 (2d Cir.), cert. denied, 484 U.S. 992, (1987)).

 Whether two parties are in privity with one another is determined by the following considerations: (1) has the party in the second action consented to be bound by a settlement agreement, Tourangeau v. Uniroyal, 101 F.3d 300, 306  (2d Cir. 1996); (2) does the party in the second action have interests that are identical or virtually identical to those of the party in the

5

first action (i.e. virtual representation), Chase Manhattan N.A. v. Celotex Corp., 56 F.3d 343, 346 (2d Cir. 1995); and (3) did the party in the second action control and finance the first action as well. Alpert's Newspaper Delivery v. New York Times, 876 F.2d 266, 270 (2d Cir. 1989).

Corporate officers can be in privity with the corporation for which they work. "Where the Individual Defendants were the sole owners (as well as directors and officers) of the Entity Defendants and . . . . their interests were at stake in the prior arbitration which they likely controlled, there is a sufficiently close relationship between the parties in both actions such that privity exists." Feitshans v. Kahn, 2006 WL 2714706 at *4 (S.D.N.Y. Sept. 21, 2006).[1] Here, the individual defendant, Horowitz, is the sole owner, director, and officer of the corporation defendant, Designers Imports in the 2007 Action. Horowitz served in this same role throughout the pendency of the 2007 Action. Based on his testimony at trial, Horowitz played a significant (if not leading) role in the litigation of the 2007 Action. Indeed, given the facts, Horowitz was the only one at Designers Imports who played any role in the corporation's existence.

Plaintiffs cite Central Hudson to support their contention that, just because "Mr. Horowitz owns and controlled Designers Imports, and [] participated in and controlled the prior suit in his representative capacity as president of the corporate defendant, [this is] insufficient for the purpose of a claim preclusion to establish privity." Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss ("Pl. Br.") at 6. The issue in Central Hudson, however, was whether an *in rem* proceeding against a vessel precluded the latter *in personam* action against the vessel's owner. The court found that it did not. Central Hudson, 56 F.3d at 367 ("Since Central Hudson's *in personam* claim against Empresa is distinct from its claim against the Vessel *in rem,* and since

---

[1] The existence of privity was not the issue that was the focus of the case in Feitshans, since plaintiffs did not dispute the fact that the sole owner, director, and officer of a corporation was in privity with that corporation. While the finding of privity was dicta, the court's statement that privity existed (and the plaintiff's concession of this fact) is instructive in this case.

the *in personam* claim has not been adjudicated, res judicata does not bar this action."). Furthermore, the plaintiff in <u>Central Hudson</u> argued that it did not have "sufficient knowledge to name Empresa as a defendant because Empresa concealed its interests in the Vessel as part owner and bareboat charterparty, despite a discovery order by a magistrate judge. Central Hudson argues that Empresa should not now be rewarded by the barring of this action for this obstruction of discovery." Here, the complaint in the 2007 Action makes it clear that Burberry knew of Horowitz's controlling interest in Designers Imports at the time of those proceedings. Indeed, Burberry alleged that Horowitz had participated in the infringement of Burberry's trademark rights:

> 22. ". . . Upon information and belief, Defendant and its principal, Asher Horowitz, have attempted to import merchandise such as vinyl tote bags or handbags that violate Burberry's trademark rights, and that U.S. Customs and Border Protection has deemed infringing. . ."

07 Civ. 3997 Compl. at ¶ 22.  Indeed, Burberry knew of Horowitz's primary role at Designers Imports since no later than 2005 when Horowitz executed a Settlement Agreement with Burberry in both his individual capacity and corporate capacity.

    *C. Same Nucleus of Operative Facts*

To establish res judicata, the two actions must be based principally on the same nucleus of operative facts.  <u>Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc.</u>, No .11-cv-5523, 2012 WL 4450992 at *4 (S.D.N.Y. Sept. 25, 2012). "To ascertain whether two actions spring from the same 'transaction' or 'claim,' we look to whether the underlying facts are 'related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations . . ."<u>Interoceanica Corp. v. Sound Pilots, Inc.</u>, 107 F.3d 86, 90 (2d Cir.1997) (quoting Restatement (Second) of Judgments § 24(2) (1982)).

7

The current Action is indisputably based on the same nucleus of operative facts as the 2007 Action. Plaintiffs' "Contention of a Related Case," concedes that "[t]he same wrongful act of trademark counterfeiting" is at issue in this action as in the 2007 Action. The Complaint in the 2012 Action contains the same allegations as the 2007 Complaint: both complaints reference the same 2005 Settlement Agreement, as well as the same alleged sales of counterfeit Burberry products. Where the Complaint in a subsequent action is "virtually identical to, and is predicated on exactly the same facts as," the complaint in the first action, the doctrine of res judicata will bar the second action. Harris v. Beth Israel Medical Center, No. 08-cv-11029, 2009 WL 612498 (S.D.N.Y. March 4, 2009).

### D. Individual Liability and Res Judicata

Plaintiffs argue that, because "Mr. Horowitz's liability is separate, that means that claim preclusion does not apply." Pl. Br. at 5 (citing Central Hudson, 56 F.3d at 367 ("When a litigant files consecutive lawsuits against separate parties for the same injury, the entry of judgment in the prior action does not bar the claims against other potentially liable parties.")). As previously indicated, Central Hudson drew a distinction between in rem and in personam. Further, Burberry fails to include an essential qualifier in Central Hudson. Plaintiffs quote Hudson as saying "a single plaintiff . . . has as many causes of action as there are defendants to pursue." Id. However, the court continued that: "[t]his assumes, of course, that Empresa was not in privity with the Vessel, despite its assistance in the defense of the *in rem* action." Id. Horowitz's interests as the sole owner, director, and shareholder of Designers Imports are identical to the interests of Designers Imports. Furthermore, Horowitz played a significant role in defending the 2007 Action, as Burberry well knew. There is no doubt that Horowitz and Designers Imports are in privity which each other for the purpose of a res judicata analysis. See supra.

Plaintiffs also cite FTC v. Standard Educ. Soc., 86 F.2d 692, 695 (2d Cir. 1936), to support the proposition that "a corporate officer who is individually liable has his own, separate liability, and is a 'joint tortfeasor' with the corporation." Pl. Br. at 5. This case does not deal with res judicata. Instead, the individual directors and officers were co-defendants with the corporation in the *same action*. This is precisely how Burberry could have proceeded in 2007: by including Horowitz as a co-defendant of Designers Imports. This does not mean, however, that Horowitz's interests are unique from those of the corporation, especially here, where Horowitz's interests of Designers Imports' interests are essentially indistinguishable.

Finally, Plaintiffs' reliance on Corpus Juris Secundum, Corporations, § 640, is wide of the mark.

>    *E. That Burberry Prevailed in the Prior Action is Irrelevant to the Res Judicata Analysis*

Plaintiffs' argument that Horowitz is barred from raising the defense of res judicata because Burberry prevailed in the 2007 Action is without merit. "When the plaintiff obtains a judgment in his favor, his claim 'merges' in the judgment; he may seek no further relief on that claim in a separate action. Conversely, when a judgment is rendered for a defendant, the plaintiff's claim is extinguished; the judgment then acts as a 'bar.'" 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4402 (1981). Res judicata is certainly available to prevent plaintiffs from relitigating claims on which they have already received a favorable judgment. Furthermore, there is no case law supporting Plaintiff's theory that a favorable judgment precludes a finding of res judicata. In fact, courts have found that a party may not relitigate an action after having previously received a favorable verdict on the same claim. See Phaneuf v. Cipriano, 03-cv-0372, 2007 WL 926890 at *2 (D.Conn. March 23, 2007) ("It is

9

undisputed that when the Second Circuit remanded this case to the district court, the defendants had already obtained a favorable judgment on the merits from a court of competent jurisdiction with respect to Phaneuf's state law causes of action. As such, Phaneuf was precluded from relitigating those claims in federal court against the parties that had prevailed against her in state court. Therefore, the defendants were entitled to summary judgment as to Phaneuf's state law causes of action.")

## II. Res Judicata is Applicable to this Action

Burberry affirmatively states, in the "Contention of Related Case" (annexed to the 2012 Complaint), that "Plaintiffs in (the 2007 and 2012 Actions) are the same and both actions involve the same wrongful acts of trademark counterfeiting . . . The current action is brought against defendant Asher Horowitz, the sole shareholder and officer of the corporate defendant in [the 2007 Action]. The same wrongful activities are at issue in this action; Plaintiffs now seek to hold Mr. Horowitz individually liable for the same wrongful activities for which the Court has already found the corporation to be liable." Burberry's statement concedes three of the four elements considered as part of the res judicata analysis: a final judgment on the merits, by a court of competent jurisdiction, involving the same cause of action.

Secondly, Horowitz is in privity with Designers Imports. Horowitz is the sole shareholder and officer of Designers Imports. There is no one else at Designers Imports and he is solely responsible for the actions of the corporate entity. Horowitz enjoyed the financial benefits that Designers Imports received from their trademark infringement actions. Finally, by failing to identify any other individual participant in the trademark infringement, Plaintiff is characterizing the trade infringement as having been based "solely on the actions of" Horowitz. Plaintiff's contention that there is no privity between Horowitz and Designers Imports fails. See

10

Hanger Prosthetics & Orthotics East, Inc. v. Henson, 2008 WL 4791321 (6th Cir. 2008) (holding second action against individual corporate officers and directors barred by res judicata based on judgment in first action against corporate entity).

### III. Laches

Defendants also argue that the defense of laches bars Burberry from bringing this action against Horowitz. Given that Plaintiff's motions are dismissed res judicata grounds, Defendant's argument regarding laches is moot and need not be considered.

### IV. Attorney's Fees

Pursuant to the Lanham Act, "attorney fees should be awarded only in 'exceptional cases,' 15 U.S.C. § 1117(a), and only 'on evidence of fraud or bad faith." Gordon & Breach Science Publishers S.A. v. American Institute of Physics, 166 F.3d 438, 439 (2d Cir.1999). New York law states "provides that [t]he court may award reasonable attorney's fees to a prevailing party' in an action based on deceptive acts or practices in the conduct of any business, trade or commerce." Grand Fia, Inc. v. Hakakin, No. 11-cv-2578, 2012 WL 3578175 at *5 (S.D.N.Y. Aug. 13, 2012) (citing New York General Business Law § 349(h)).

While res judicata prevents Burberry from bringing the current action against Horowitz in his individual capacity, this does not mean that the 2012 Action was brought in fraud or bad faith. Accordingly, Defendant is not entitled to attorney's fees. The Court expresses no opinion on the State Court action between the same parties currently pending in New York State Supreme Court.

## CONCLUSION

For the reasons discussed, Defendant's Motion to Dismiss is granted. The Clerk is directed to enter an order dismissing Burberry's Complaint and to close the matter.

Dated: New York, New York
November 26, 2012

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge